## B. G. BRAYTON *v.* H. B. SPOONER.

**Attachment—Suit on Attachment Bond—Evidence—Relevancy and Competency.**

If the attachment levied on the goods had the effect to prevent a sale or to injure appellee in his business or to impair his credit, it was proper and legitimate for him to show these facts, but the mere opinion of the witness that the levy of the attachment worked this injury upon appellee, is incompetent. The witness must state facts such as that his customers have abandoned him, or his credit had been impaired by the merchants refusing to credit him, in order that the jury may form their own opinion.

APPEAL FROM CALLOWAY CIRCUIT COURT.

March 9, 1872.

OPINION OF THE COURT BY JUDGE PRYOR:

The counsel for the appellant made no exception to the instructions given by the court below, and, therefore, this court cannot consider them on the appeal. The only question presented in the case arises upon the testimony of the witness Scott. The appellant insists that much of this testimony was irrelevant and incompetent, and was prejudicial to his rights upon the question of damages. In this view of the case we must concur. If the attachment levied on the goods had the effect to prevent the sale of them, and also to injure the appellee in his business as a merchant by causing his customers to abandon him, or to

impair his credit, it was proper and legitimate for the appellee to show these facts, but the mere opinion of a witness that the levy of an attachment works this injury upon the rights of the party whose property had been attached is clearly incompetent. The witness must state facts· such as that his customers have abandoned him, or his credit has been impaired by the merchants refusing to credit him in order that the jury may form their opinion, if authorized from the proof that the witness himself expresses. Nor was it competent for the witness to speak of the speculative profits that in his opinion the appellee would have realized from the sale of the tobacco, or from the proposed formation of a partnership for the purpose of buying tobacco that might have been consummated, but for the levy of the attachment. Although in an action like this, if malice is proven as well as the want of probable cause, the party suing is not confined in his recovery to the actual damages sustained; still mere speculative damages such as was attempted to be proven by Scott with reference to the tobacco are too remote, and the witness might as well conjecture that the partnership would lose money as that the adventure would result in profit. This testimony may have had an influence with the jury in estimating the damages, and at any rate we cannot say that it did not. There is also much of the testimony of Bloomfield, the attorney whose deposition was taken by the defendant that should have been excluded, and as the objections by plaintiff's counsel to this deposition were overruled we deem it proper to notice them. The opinion of the attorney that the suit was prosecuted in good faith was incompetent, as well as the conversations he detailed with the sheriff and the defendant after the issue of the attachment. What took place and was said at the time the suit was filed and the attachment obtained between the appellant and his attorney is incompetent for the appellant, as being part of the res gestae. Such statements, if they tend to show or illustrate the character and object of the main fact in issue and are made contemporaneous with it, are competent, but what was said afterwards by the party charged, or his attorney, is incompetent. Acts done by either afterwards may be proven, such as a release of the attachment or a surrender of the goods, but the reason given by the appellant for releasing the attachment, or surrendering the

goods he cannot introduce as testimony, because it is not a part of the res gestae. 1*Greenleaf, page* 138. For the reasons indicated the judgment of the court below is reversed and cause remanded with directions to award to the appellant a new trial and for further proceedings consistent with this opinion.

*Marshall & Bloomfield, for appellant.*

*Stubblefield, Bigger & Moss, for appellee.*